IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES TIMMERBERG, <br> 4218 Stratford Road <br> Boardman, OH 44512 <br> Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> LAW OFFICES OF ROBERT A. SCHUERGER CO., L.P.A., <br> c/o Robert A. Schuerger <br> 1001 Kingsmill Parkway <br> Columbus, OH 43229 <br><br> Defendant. | CASE NO. <br><br><br> **CLASS ACTION COMPLAINT** |

Now comes James Timmerberg, individually and as representative of all others similarly situated, and for his Class Action Complaint states:

**INTRODUCTION**

1. This is a class action brought by James Timmerberg, individually and as a putative representative, against Law Offices of Robert A. Schuerger Co., L.P.A. ("Schuerger" or "Defendant"). Schuerger has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA") by using an artificial or prerecorded voice when placing unsolicited calls to consumers nationwide without the cellular telephone owners' prior express consent. Under the TCPA, Plaintiff seeks to stop Schuerger from placing the unsolicited calls and to obtain redress for all persons injured by this conduct. Plaintiff alleges as follows upon personal knowledge as to

himself and his own acts and experiences, and, as to all other matters, upon information and belief, based on the investigation conducted by his attorneys.

## PARTIES

2. Plaintiff James Timmerberg (hereinafter, "Plaintiff") is a resident of the State of Ohio, County of Mahoning, and Township of Boardman.

3. Defendant Law Offices of Robert A. Schuerger Co., L.P.A. is a legal professional association incorporated under the laws of Ohio and with its principal place of business located at 1001 Kingsmill Parkway, Columbus, Ohio.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

5. Because a substantial portion of the events giving rise to the present claim occurred in this District, venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

6. Schuerger is a law firm that also operates as a debt collector.

7. Schuerger attempts to collect debts by making calls that use an artificial or prerecorded voice, in violation of the TCPA, to the cellular telephones of Plaintiff and the other members of the putative Class.

8. Plaintiff alleges that Schuerger, in attempting to collect a debt from a third party, made telephone calls to the Plaintiff that used an artificial or prerecorded voice, without Plaintiff's prior express consent.

9. After each call, the prerecorded voice message that Schuerger used while making the call was recorded by Plaintiff's voicemail.

10. The TCPA establishes the substantive right to be free from certain types of phone calls absent express consent by a consumer. In the context of the TCPA, Congress identified unsolicited contact as a concrete harm.

11. The unwanted artificial or prerecorded voice calls at issue here present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA. Unsolicited messages and calls, by their nature, invade the privacy and disturb the solitude of their recipients.

12. Schuerger's unwanted calls invaded the Plaintiff's privacy, and that of the class members.

13. Schuerger's unwanted calls came while Plaintiff was in the process of exploring a refinance to his mortgage, which relies heavily on Plaintiff's credit history and creditworthiness.

14. Schuerger's unwanted calls, which attempted to collect a debt from a third party unknown by Plaintiff, therefore caused Plaintiff stress and anxiety.

15. When Plaintiff and members of the putative class received a call from Schuerger, they are alerted to the call by a ring, vibration, tone, alarm, or other indication on their cellular telephone.

16. If Schuerger's telephone call goes unanswered, Schuerger leaves a voicemail message with an artificial or prerecorded voice.

17. To access the artificial or prerecorded voice messages left by Schuerger, consumers must either use cell phone minutes to call and listen to the message, or data to download the

voicemail directly to their cell phone and listen to the message (this is known as "visual voicemail").

18. When a consumer is roaming, one of Schuerger's calls or voicemails can trigger roaming charges, even if the consumer does not receive the message.

19. Cell phone plans have limited voicemail capacity. This means that each unwanted artificial or prerecorded voice message left by Schuerger uses up voicemail capacity, creating the problem of risk that this will exclude messages from a consumer's voicemail box that the consumer wants and needs.

20. Schuerger's artificial or prerecorded voice messages used part of the limited voicemail capacity of the Plaintiff and the members of the putative class, which they each paid for through their respective cell phone plans.

21. Plaintiff and the putative Class members did not consent to receive Schuerger's calls.

22. The Plaintiff and the putative class were subjected to the aggravation, nuisance, and loss of time involved in being alerted to receiving a call or a voicemail as well as accessing and listening to the unsolicited and unwanted artificial or prerecorded voice messages left by Schuerger.

23. In enacting the TCPA, Congress sought, in part, to address consumer complaints that automated messages filled the entire tape of an answering machine, preventing other callers from leaving messages. Schuerger's calls and voicemails, which are made with an artificial or prerecorded voice and use consumers' digital voicemail storage that is paid for through their cellular telephone service, pose the exact same problem.

24. By placing these unauthorized calls, Schuerger has violated Plaintiff's and putative class members' statutory rights, as well as their privacy rights.

25. Schuerger has further caused actual concrete harm to Plaintiff and the putative class members by intruding upon and occupying the capacity of their cellphones as the calls and voicemails depleted Plaintiff's and the putative class members' cellphone batteries, subjected them to increased electricity costs to charge their phones after receiving calls and voicemails, and used their cellular data, which Plaintiff and the putative class pay for in their cellular telephone plan and is required to access the voicemails.

26. The TCPA exists to prevent communications like the ones described within this complaint. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

27. When it passed the TCPA, Congress intended to provide consumers a choice as to how telemarketers may contact them and found that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Pub. L. No.102-243, § 11.

28. Further, "[w]hen Congress enacted the TCPA, it did so in part to protect consumers from the 'nuisance, invasion of privacy, cost, and inconvenience that autodialed and prerecorded calls generate." *Meredith v. United Collection Bureau, Inc.*, 2018 WL 1782854, at *3 (N.D. Ohio 2018) (quoting *Caudill v. Wells Fargo Home Mortgage, Inc.*, 2016 WL 3820195 (E.D. Ky. 2016).

29. Congress also found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance…" *Id.* at §§12-13.

30. On behalf of himself and the Class, Plaintiff seeks an injunction requiring Schuerger to cease all unsolicited telephone calling activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## THE CALLS TO PLAINTIFF JAMES TIMMERBERG

31. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

32. On August 6, 2021, Schuerger placed a call, which used an artificial or prerecorded voice, to Plaintiff's cellular telephone.

33. The August 6, 2021 call was directed to Plaintiff's voicemail where Schuerger left a message using an artificial or prerecorded voice.

34. On August 24, 2021, Schuerger made a second call to Plaintiff's cellular telephone and left the following message with an artificial or prerecorded voice:

   a. "…important message from the Law Offices…

      Hello. We have an important message from the Law Offices of Robert Schuerger. This is a call from a debt collector. Please return a call to 855-875-6314. Thank you." [message cuts off].

35. On September 9, 2021, Schuerger placed a third call to Plaintiff's cellular telephone and left the same message with an artificial or prerecorded voice:

   a. "…important message from the Law Offices…

      Hello. We have an important message from the Law Offices of Robert Schuerger. This is a call from a debt collector. Please return a call to 855-875-6314. Thank you." [message cuts off].

36. The August 24, 2021 and September 9, 2021 calls made by Schuerger to Plaintiff came from telephone number (614) 732-0721.

37. All three of the above calls were made by Schuerger to Plaintiff's cellular telephone number, which ends in 1133.

38. Plaintiff is the customary, regular, everyday user of the cellular telephone number ending in 1133, and receives phone calls at that number.

39. Plaintiff pays the monthly bill for his cellular telephone number, which ends in 1133.

40. Plaintiff has used the cell phone number ending in 1133 since at least 2013.

41. Schuerger, and/or third parties acting on Schuerger's behalf, placed all the calls described above using an artificial or prerecorded voice.

42. On November 22, 2021, Plaintiff called Schuerger using the number (614) 732-0721. During the November 22, 2021 call, Plaintiff was told that he had been listed as a reference contact on a third party's credit account.

43. Plaintiff does not know the person who Schuerger was attempting to collect a debt from.

44. During the November 22, 2021 call, Plaintiff informed Schuerger that they were contacting the wrong person and that he did not know the person Schuerger was attempting to collect a debt from. Schuerger stated that it would no longer call Plaintiff.

45. The August 6, 2021, August 24, 2021, and September 9, 2021 calls each went to Plaintiff's voicemail, which recorded and stored a prerecorded voice message from Schuerger.

46. After receiving each of the pre-recorded voice messages on his voicemail, Plaintiff opened, played, and listened to these pre-recorded voice messages left by Schuerger. The prerecorded voice messages from August 24, 2021 and September 9, 2021 are preserved.

47. Plaintiff has never given express consent to receive a telephone call from Schuerger.

Case: 4:22-cv-02298-SO Doc #: 1 Filed: 12/21/22 8 of 13. PageID #: 8

48. Plaintiff does not have a relationship with Schuerger, has never provided his telephone number to Schuerger, nor consented or requested that the Schuerger call him for any reason. Very simply, Plaintiff does not even know who Schuerger is, and so should not be receiving ANY bothersome, time-consuming, unrequested calls of this type from it.

## CLASS ALLEGATIONS

49. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

50. Schuerger and its agents have made, and continue to make, unsolicited calls to cellular telephone numbers, including to Plaintiff's and the other members of the class, using an artificial or prerecorded voice.

51. Schuerger made these calls without obtaining prior express consent from Plaintiff or the class members.

52. Plaintiff brings this action on behalf of himself and for all other persons similarly situated (herein collectively referred to as "Plaintiffs" or "putative class members"):

> All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular telephone which used an artificial or pre-recorded voice, from December 21, 2017 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to receive such a call.

53. This class numbers over forty (40) persons and are so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

54. The injuries and damages to these class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole. Those common questions include, and are not limited to:

    a. Whether the subject calls used prerecorded or artificial voices;

8

    b. Whether the subject calls are covered by the TCPA;

    c. Whether the subject calls violate the TCPA; and

    d. Whether the class members are entitled to relief under the TCPA.

55. Defendant has engaged in the same conduct regarding the other members of the class asserted in this suit.

56. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

57. Representative Plaintiff will fully and adequately protect and represent the entire class, and all its putative members.

58. The identity of all members of this class cannot be determined at this time, but will be determined upon obtaining discovery from Defendant and others.

59. The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications with regard to individual class members that would establish incompatible standards of conduct for Defendant.

60. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual class members which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests. Further, the maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## FIRST CLAIM FOR RELIEF
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.)**

61. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

62. Plaintiff did not expressly consent to receive calls from Schuerger, as required by the TCPA.

63. Schuerger used an artificial or pre-recorded voice when it made the calls to Plaintiff's cellular telephone.

64. After receiving the August 6, 2021, August 24, 2021, and September 9, 2021 calls from Schuerger, Plaintiff listened to the pre-recorded voice that was recorded by his voicemail from each call.

65. Each message left by Schuerger during the August 6, 2021, August 24, 2021, and September 9, 2021 calls was the same and stated:

    a. "…important message from the Law Offices…

    Hello. We have an important message from the Law Offices of Robert Schuerger. This is a call from a debt collector. Please return a call to 855-875-6314. Thank you." [message cuts off].

66. The three calls to Plaintiff's cellular telephone were a violation of 47 U.S.C. 227(b)(1)(A)(iii).

67. Schuerger placed these calls in knowing violation of the TCPA. It willfully violated federal law.

68. Schuerger has acted in the same way toward all members of the class.

69. Plaintiff and the class members were harmed by Schuerger's conduct. This included the harm envisioned by the TCPA in being a recipient of an unlawful artificial or prerecorded voice

call for which the TCPA provides specific relief. This also included the harms and actual damages identified above, which are incorporated here.

70. As a result of these calls, Plaintiff and the class are entitled to relief, recovery, and damages under the TCPA.

## SECOND CLAIM FOR RELIEF
### Injunction and Request for Restraining Order

71. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

72. Unless restrained and enjoined, Schuerger will not cease and desist the conduct described above, and continues that conduct unabated.

73. Plaintiff and the class have no adequate remedy at law to prevent Schuerger from continuing this conduct in violation of law.

74. The TCPA provides for injunctive relief against continuing violations, stating: A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State — A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation…47 USCS § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1. For an Order determining at the earliest possible time that this matter may proceed as a class action under Federal Rule 23 and certifying this case as such;

2. For a permanent injunction preventing Defendant from continuing its conduct described above;

3. For damages of actual monetary loss, or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3);

4. For treble damages pursuant to 47 U.S.C. § 227(b)(3);

5. For reasonable costs and attorney fees necessarily incurred herein; and

6. For such other or further relief to which Plaintiff and the class are entitled.

December 21, 2022     Respectfully submitted,

     /s/James A. DeRoche
James A. DeRoche, Esq. (#0055613)
**GARSON JOHNSON, LLC**
2900 Detroit Avenue
Van Roy Building, 2nd Floor
Cleveland, OH 44113
(216) 696-9330     (216) 696-8558 Fax
Email: *jderoche@garson.com*

Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorellim Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391     (440) 352-3469 Fax
Email:  *pperotti*@dworkenlaw.com
       *nfiorelli*@dworkenlaw.com
       *fbartela*@dworkenlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.

                                             */s/James A. DeRoche*
                                             James A. DeRoche, Esq. (#0055613)
                                             **GARSON JOHNSON, LLC**
                                             2900 Detroit Avenue
                                             Van Roy Building, 2nd Floor
                                             Cleveland, OH 44113
                                             (216) 696-9330    (216) 696-8558 Fax
                                             Email: *jderoche@garson.com*